|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| MATHEW JAGGER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HENRY RICHARDS,<br><br>　　　　　　　Defendant. | Case No.  C04-5795RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**MAY 6th, 2005** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  After reviewing the complaint in this action and the file the undersigned recommends that the action be **DISMISSED WITHOUT PREJUDICE** prior to service and all pending motions be **DENIED**.

Plaintiff originally filed this action naming Joseph Lehman as a defendant and challenging a failure to release him on his earned early release date.  (Dkt. # 5).  He was granted *in forma pauperis* status.  (Dkt. # 4).  Plaintiff was ordered to provide service documents and he did not do so.  (Dkt. # 6).  Instead, plaintiff filed an amended complaint that named Henry Richards as the only defendant and challenges treatment conditions and conditions of confinement at the Special Commitment

REPORT AND RECOMMENDATION
Page - 1

Center. (Dkt. # 8). Plaintiff has a right to amend his complaint once as a matter of course. See, Fed R. Civ. P 15 (a).

This action is now one in a series of legal actions regarding the Special Commitment Center (SCC). Plaintiff challenges nearly every aspect of his confinement conditions from visits and phone use to computer access. The complaint implicates the treatment environment at the SCC. The complaint is a 32 page form complaint. The court notes this form complaint has been filed in other cases. See, Carver v. Richards, C05-5037RJB.

The plaintiffs in these actions are all persons confined at the SCC for mental health treatment or persons awaiting commitment proceedings. The SCC is designed to treat persons whose mental abnormalities or personality disorders make them likely to engage in predatory acts of sexual violence.

For over a decade the SCC has operated under federal oversight as a result of injunctions issued by the Western District Federal Court in Seattle. The court found the conditions of confinement in 1991 to be unconstitutional and found the mental health treatment offered at that time to be inadequate. Turay v. Seling, C91-0664RSM. Federal oversight continues in a limited capacity to this day. There have been high and low points during the years of oversight including findings of contempt, and findings that portions of the injunction had been fulfilled. On June 19th, 2004 the court found the defendants in substantial compliance and lifted the injunctions with one exception. Turay v. Seling, C91-0664RSM (Dkt # 1906).

Despite indicating portions of the injunction were dissolved the court indicated that judicial oversight continues to insure there is no "backsliding". Turay v. Seling, C91-0664RSM (Dkt # 1906).

Many, if not all, of the issues plaintiff is attempting to raise in this litigation were raised or could have been raised in the compliance proceedings in Turay. Indeed, the new facility which is the focus of this litigation was constructed because of findings made in the Turay case.

The new facility was constructed to comply with the courts findings and orders and was constructed at a time when the operation of the SCC was under judicial oversight. For this court to consider a case which calls into question the operating procedures while another court is

REPORT AND RECOMMENDATION
Page - 2

1 monitoring the operating conditions will undoubtedly result in a duplication of effort and a waste
2 of judicial resources. It is ill advised for this court to consider matters that are under the control
3 of another judge.

4     *In forma pauperis* complaints may be dismissed before service under 29 U.S.C. § 1915
5 (d). <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). Leave to amend is not necessary where it is
6 clear that the deficiencies in the complaint cannot be cured by amendment.

7     Here, the deficiency is the attempt to bring an action while judicial oversight of the facility
8 is before another judge. This action should be **DISMISSED WITHOUT PREJUDICE.** A
9 proposed order accompanies this report and recommendation.

10     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure,
11 the parties shall have ten (10) days from service of this Report to file written objections. *See also*
12 Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes
13 of appeal. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
14 72(b), the clerk is directed to set the matter for consideration on **May 6th, 2005**, as noted in the
15 caption.

17     DATED this 8TH day of April, 2005.

18
19                   /s/ J. Kelley Arnold_____
                  J. Kelley Arnold
                  United States Magistrate Judge